James BREINER, Appellant,

v.

DAKA, INC., Appellee.

No. 00–CV–1611.

District of Columbia Court of Appeals.

Argued Dec. 11, 2001.

Decided Aug. 29, 2002.

Lawrence J. Sherman, Washington, DC, for appellant.

Keith A. Dorman, with whom Robert M. Disch was on the brief, for appellee.

Before TERRY, RUIZ, and WASHINGTON, Associate Judges.

RUIZ, Associate Judge:

This appeal arises from the Superior Court's denial of James Breiner's motion for attorneys' fees following a jury award in his favor in an age discrimination action against Daka, Inc. The trial court based its ruling on Superior Court Civil Rule 54(d)(2)(B), which requires that a motion for fees be filed within fourteen days of entry of judgment. Breiner's principal contention on appeal is that the fourteen-day requirement of Rule 54(d)(2)(B), which was imposed by an amendment that became effective on June 1, 1995, was not applicable to his case. We agree that the amended rule does not apply under the facts presented here, and therefore reverse and remand for the trial court to consider the attorneys' fees issue in a man-

ner consistent with the previous version of Rule 54.

## I.

On January 30, 1995, a jury returned a verdict in favor of Breiner for his age-based, hostile work environment claim against Daka, Inc., in the amount of $10,000 in compensatory damages and $390,000 in punitive damages. Judgment was filed by the trial court on February 3, and docketed on February 7, 1995. Daka filed a motion for judgment notwithstanding the verdict, or in the alternative for remittitur, which was denied by the trial court on March 13, and docketed on March 15, 1995. Daka timely appealed on April 14, 1995 and filed a *supersedeas* bond.

On May 3, 1995, Breiner filed a motion in the trial court for extension of time to file a cross-appeal.[1] Judge Stephen G. Milliken, who had presided at the trial, denied the motion on June 7, and also denied Breiner's motion for reconsideration on June 20, 1995. Breiner appealed, and this court *sua sponte* summarily affirmed these rulings in an unpublished order. *Breiner v. Daka, Inc.,* No. 95–CV–1391 (D.C. October 18, 1995).

On May 14, 1996, while Daka's appeal of the judgment in Breiner's favor was still pending before this court (after oral arguments had been heard), Breiner filed a motion in Superior Court seeking attorneys' fees and costs incurred in prosecuting the lawsuit. Daka moved to strike, contending that Breiner's motion for fees was untimely under Superior Court Civil Rule 54(d)(2)(B). On July 2, 1996, the trial court denied Daka's motion to strike, but also denied Breiner's motion for attorney's fees and costs "without prejudice to renewal upon remand"—presumably a reference to the pendency of Daka's appeal.

On April 30, 1998, a panel of this court issued an opinion affirming the judgment and upholding the entire award of compensatory and punitive damages. *See Daka, Inc. v. Breiner,* 711 A.2d 86 (D.C.1998). Daka's petition for rehearing *en banc* was denied on September 21, 1998. On February 19, 1999, the parties stipulated that the judgment for $400,000, with interest, had been satisfied by Daka, but specifically stated that this payment was "not intended to and does not address, encompass or satisfy [Daka's] obligations, if any, resulting from the Judgment to pay [Breiner's] attorneys' fees and costs. Nor does the payment by [Daka] constitute any waiver by [Daka] of any defenses [Daka] may have to any claims by [Breiner] for attorneys' fees or costs."

Breiner sent a letter dated March 15, 1999 to Judge Milliken in which he sought to renew his petition for attorney's fees "[n]ow that all appeal rights have been exhausted," and requested advice on how to proceed.[2] Nothing in the record on appeal indicates that Judge Milliken responded to this letter. In June of 1999, Judge Gregory Mize[3] granted Daka's motion to release the *supersedeas* bond stating that "[i]f and when a judgment for a sum certain for attorneys' fees is entered,

1. Under D.C.App. R. 4(a)(1), cross-appeals must be filed within fourteen days of the filing of the first notice of appeal.

2. According to a footnote in his brief, appellant contacted Judge Milliken's chambers in December 1998 "at the time defendant's appeal rights [to the United States Supreme Court] were just expiring" and was "advised to write a letter to the Court raising his con-

cerns regarding the filing of attorneys' fees, which he did on March 15th, [1999] after negotiating the partial satisfaction of judgment."

3. Judge Mize apparently presided over the case during this phase of the litigation in the place of Judge Milliken.

at that time a new bond may well be appropriate for defendant to obtain a further stay." [4]

On October 7, 1999, Breiner filed a "Supplemental Motion for Attorney's Fees and Costs" claiming the issue of attorneys' fees was ripe for resolution.[5] Judge Milliken denied Breiner's motion for attorneys' fees and costs associated with both the trial and appeal on the following year, ruling that it was untimely under Rule 54(d)(2)(B). In his order, Judge Milliken recognized that when the motion for fees was first filed more than four year earlier (on May 14, 1996), he "could have reviewed the claim for attorneys' fees, and probably would have if the motion had been filed promptly, in order that the motion could be reviewed along with the merits of the case on appeal." Judge Milliken was of the view that Breiner had interpreted his July 1996 order denying Daka's motion to strike and denying Breiner's motion for fees without prejudice "too broadly" in construing it to mean that the fourteen-day filing deadline in Rule 54(d)(2)(B) did not apply. He stated that "[e]ven if I could or should have ruled upon the 1996 motion while the matter was pending appeal is immaterial," because the motion was denied without prejudice in 1996, and the fourteen-day filing deadline of Rule 54(d)(2)(B) applied to the subsequent 1999 filing despite its being titled as a "supplemental motion." Finally, he noted "it would not be just or practicable to allow such repeatedly late submissions even if

the 'supplemental' filing is taken as a memorandum in support of the 1996 filing," and observed that Breiner failed to provide any reason to support a finding of excusable neglect for the late filing of his request for fees and costs.

## II.

Prior to June 1, 1995, Rule 54(d) provided in relevant part that "[e]xcept when express provision therefor is made either in an applicable statute or in these Rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs[.]" The rule—which discussed only "costs"—did not then set forth any particular period for filing a motion for attorneys' fees. Thus, a motion for such fees, filed after a successful private action pursuant to the District of Columbia Human Rights Act, see D.C.Code §§ 1–2553(a)(1)(E), –2556(b) (1999), was not subject to any specific time limitation. Cf. Kelly v. Clyburn, 490 A.2d 188, 190 (D.C. 1985) (absent statutory language specifying time by which request for attorneys' fees filed in child support and custody case pursuant to D.C.Code § 16–918(c) must be made, trial court required to "exercise its discretion to deny fees 'in cases in which a post-judgment motion unfairly surprises or prejudices the affected party' ") (quoting White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 454, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)).

**4.** Breiner maintains that on May 27, 1999 he opposed Daka's May 5th motion to discharge and release the supersedeas bond and renewed and supplemented his earlier motion for attorneys' fees and costs. Although he claims the opposition was not included as part of the record "due to an apparent administrative error by the Clerk for the Superior Court," Daka correctly notes the docket sheet does not include Breiner's alleged May 27th motion. Breiner has not sought to supple-

ment the record on appeal with the motion he claims he filed.

**5.** While unsubstantiated in the record, Breiner contends that he filed the motion in early October because he learned from Judge Mize's law clerk that the judge intended to issue an order stating that a motion for attorneys' fees would be due by the end of that month.

By action of the Board of Judges of the Superior Court and pursuant to D.C.Code § 11–946 (2001), an amendment to Rule 54(d) became effective June 1, 1995, which required that:

> [u]nless otherwise provided by statute or order of the Court, the motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the Court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Super Ct. Civ. R. 54(d)(2)(B). The Board of Judges of the Superior Court ordered that the new fourteen-day filing requirement would "take effect June 1, 1995 and govern all proceedings thereafter commenced and, insofar as it is just and practicable, all proceedings therein pending." Board of Judges Order, 123 Wash. Law Rep. 1121 (June 9, 1995). In an explanatory note, the Board discussed the proposed changes in greater detail:

> Subparagraph (d)(2)(B) requires motions for attorneys' fees to be filed and served no later than 14 days after judgment unless otherwise specified by the Court or by statute. This provision will give the opposing party notice of the claim before the time for appeal has lapsed, and will facilitate the Court's review of the services performed.

> The filing of a motion for attorneys' fees will not affect the finality or appealability of a judgment. If the merits of the case are appealed, the Court may rule on the claim for fees, may defer the ruling, or may deny the motion without prejudice and provide a new period for filing after resolution of the appeal.

Rule 54(d)(2)(B). The 14 day period will begin again after entry of a new judgment following reversal or remand by the Court of Appeals or granting the motion under Rule 59.

Proposed Amendments to SCR–CIVIL 54, 123 Wash. Law Rep 52 (Jan. 10, 1995).

■ On appeal Breiner makes several arguments as to why there was no basis to require compliance with the fourteen-day time constraint imposed by Rule 54(d)(2)(B). First, he argues that the trial court's judgment became final in this case when entered in February 1995—well before the date when the amended rule became effective on June 1, 1995. Breiner also asserts that the amended rule was not triggered when this court affirmed Daka's appeal, because judgment was never reentered to comply with any order on remand. Finally, even if this case was on June 1, 1995, a "pending proceeding" to which the new rule could be applied, Breiner contends that the trial judge failed to make any specific finding that applying the fourteen-day filing requirement in Rule 54(d)(2)(B) was "just and practicable" under the circumstances of this case, as provided by the Board of Judges' order. Instead, according to Breiner, the judge applied the rule simply because the motion for attorneys' fees was filed in May 1996, after the effective date of the new rule.

Daka responds that Breiner's delay in making his initial (May 1996) request for fees—filed eleven months after the trial judge denied Breiner's request to late-file a cross-appeal and fifteen months after entry of judgment—was inexcusable and contrary to the rules of the Superior Court. It argues that the amended rule should be applied to Breiner, who was still making filings in the Superior Court seeking permission to file the cross-appeal, after the effective date of the amendment. Citing our ruling in *Natural Motion by*

*Sandra, Inc. v. District of Columbia Comm'n on Human Rights,* 726 A.2d 194 (D.C.1999), that by analogy to Rule 54(d)(2)(B) a petition for attorneys' fees is timely if filed within fourteen days of the agency's final ruling on pending motions to reconsider, Daka argues that Breiner could have timely filed within fourteen days of the trial court's decision of June 20, 1995 denying his motion to reconsider the denial of his motion to late-file a cross-appeal. This failure to timely file, according to Daka, constituted a waiver of Breiner's claim for fees, which was repeated when Breiner again failed to file a motion for fees until more than a year after the September 1998 denial of Daka's petition for rehearing *en banc.*

Although there is no doubt that Breiner *could* have filed his motion earlier and in compliance with the amended rule, the question before us is whether he was *required* to do so, which was the basis of the trial court's order denying his motion for fees. The disposition of this case turns on whether the trial court erred in applying the fourteen-day filing requirement in the 1995 amendment to Rule 54(d)(2)(B). The Board of Judges' order provides that the Superior Court must apply the amended rule to cases commenced on or after June 1, 1995. This case was commenced before that date. Because the amended rule also applies to cases "pending" on that date where it is "just and practicable," we must first determine whether this case was "pending" in Superior Court at the time the new rule became effective.[6] We agree with Breiner that the case was not pending in Superior Court when the amendment became effective on June 1, 1995, as all proceedings involving the merits of the case had concluded in the trial court by that time. After the jury verdict and docketing of judgment in February of 1995, the case remained with the trial court for its consideration of Daka's post-trial motions. Once the court's order denied these motions on March 13, 1995, and this order was docketed on March 15, 1995, there was a final judgment on the merits, which Daka appealed. *See Dyer v. Bergman & Associates, Inc.,* 635 A.2d 1285, 1287 (D.C.1993) ("To be final, and therefore reviewable, an order must dispose of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already entered.") (citation and internal quotation omitted).

6. Although the trial court did not specifically address whether it considered the case to have been "pending" on June 1, 1995, its use of the phrase "just and practicable" in denying the motion for fees as untimely suggests that it considered that the amended rule applied because the case had been pending when it became effective. Daka's counsel conceded at oral argument that the reference to "therein pending" refers to the case pending in the Superior Court. We agree. As we read the Board of Judges' order, the fourteen-day period established by Rule 54(d)(2)(B) begins to run from the date of "judgment" in the trial court. Therefore, "therein pending" must be understood as referring to a case pending in the trial court; otherwise it would be impossible to apply the rule if it were understood to mean "pending on appeal."

Moreover, this reading is consistent with the purpose of the fourteen-day provision to "give the opposing party notice of the claim before the time for appeal has lapsed, and ... facilitate the [Superior] Court's review of the services performed." Proposed Amendments to SCR–CIVIL 54, 123 Wash. Law Rep 52 (Jan. 10, 1995). *See* Super. Ct. Civ. R. 58. ("Entry of judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorney's fees is made under Rule 54(d)(2), the court, before a notice of appeal has been filed and has become effective, may order that the motion have the same effect under Rule 4(a)(4) of the District of Columbia Court of Appeals as a timely motion under Rule 59.").

We are not persuaded by Daka's contention that for present purposes the case remained pending before the trial court until the resolution of Breiner's request to late-file a cross-appeal. In *Natural Motion*, we looked to Rule 54(d)(2)(B) for guidance in holding that a plaintiff's motion for attorneys' fees was timely where the fee petition was made to the District of Columbia Human Rights Commission well after an order had been issued by the Commission but before it resolved a motion to reconsider. *See Natural Motion*, 726 A.2d at 196–197. Specifically, we stated that "an agency decision is not final for purpose of appeal to this court until all motions for reconsideration have been acted upon by the agency." *Id.* at 197. The present case, however, is distinguishable from that situation where a motion for reconsideration as to the merits of the case—which addresses the grounds for an agency decision—extends the entering of a final, appealable order until such a motion has been decided. Until the agency's reasoning is final, the matter is not ripe for judicial review. Daka filed its notice of appeal from the final judgment docketed on March 15, 1995.[7] Breiner's motion to extend the time to file a cross-appeal on May 3, 1995, made nineteen days after the notice of appeal was filed, did not affect the finality of the judgment, because it was not in the nature of a motion which would toll the time for filing a notice of appeal. *See* D.C.App. R. 4(a)(2) (running of time for filing notice of appeal is terminated by a motion for "judgment notwithstanding the verdict; to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; to vacate, alter or amend the order or judgment; for new trial; for reconsideration if authorized by the rules of the Superior Court; and any other motion seeking relief in the nature of the foregoing"). Instead, it was simply a motion pleading excusable neglect. *See* D.C.App. R. 4(a)(4); Super. Ct. Civ. R. 60(b) ("A motion under this subdivision (b) [*e.g.*, excusable neglect] does not affect the finality of a judgment or suspend its operation"). The trial court's rulings in June of 1995 denying Breiner's request to extend the time to cross-appeal, which this court later *sua sponte* summarily affirmed, did not affect the judgment of the trial court disposing of the case on the merits. We therefore conclude that the case was not "pending" before the Superior Court for the purpose of applying Rule 54(d)(2)(B).[8]

▆ Having concluded that the case was neither "pending" in Superior Court

---

7.  Under D.C.App. R. 4(a)(3), a judgment is "deemed to be entered" for the purpose of calculating the time to appeal, "when it is entered on the civil docket ... by the Clerk of the Superior Court."

8.  Daka cites several decisions applying the federal equivalent of Rule 54(d)(2)(B)-which is identical to the Superior Court rule-to bar attorneys' fees requested after the fourteen-day period has elapsed. These cases are distinguishable, however, in that they involved entry of final judgment in the trial court after the December 1, 1993, date that federal Rule 54(d)(2)(B) became effective. *See, e.g., 44 Liquormart, Inc. v. Rhode Island*, 940 F.Supp. 437, 441 nn. 3 & 4 (D.R.I.1996) (attorneys' fees denied because no excusable neglect shown where federal circuit court, following reversal by Supreme Court, entered amended mandate after the effective date of amended federal rule, and under local court rules amended mandate "served as the final judgment for purposes of Rule 54, and started the 14 day time limit" for filing a motion for fees) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Art Pape Transfer, Inc.*, 1995 WL 653992, 1995 U.S. Dist. LEXIS 16496 (N.D.Ill) (applying Rule 54(d)(2)(B) to deny fees where entry of judgment occurred after plaintiff's filing of motion to alter or amend was denied after effective date of amended rule)).

at the time the fourteen-day filing requirement of Rule 54(d)(2)(B) went into effect, nor remanded to the trial court when we affirmed the judgment on appeal, we hold that the trial court should have considered Breiner's motions for attorneys' fees under the previous version of Rule 54(d). We reverse and remand the case for the trial court to determine the matter of attorneys' fees under the applicable rule. *See* D.C.Code § 1–2553(a)(1)(E), –2556(b) ("court may grant relief it deems appropriate" including the "payment of reasonable attorney fees"); *see also Kelly,* 490 A.2d at 190 (trial court required to "exercise its discretion to deny fees 'in cases in which a post-judgment motion unfairly surprises or prejudices the affected party' ") (quoting *White,* 455 U.S. at 454, 102 S.Ct. 1162).[9]

*So ordered.*

---

9. We note that the trial court expressed the view that Breiner had not provided any reason to support a finding of excusable neglect that would permit his delayed filing of the motion for fees. It may well be that, on remand, the trial court will consider the motion to have been filed too late even if the fourteen-day period does not apply. That determination should take into account the reasons for delay, prejudice to the defendant, the sizeable punitive award in this case, and the goal of awarding attorneys' fees to "promote the public interest by ensuring that private citizens have the means to enforce anti-discrimination statutes." *Natural Motion,* 726 A.2d at 197 n. 6. It is for the trial court to exercise its discretion in the first instance, applying the proper factors. *See Johnson v. United States,* 398 A.2d 354, 365 (D.C.1979).