Vera M. COTO, Petitioner,

v.

CITIBANK FSB, Respondent.

Nos. 05–AA–629, 05–AA–1031.

District of Columbia Court of Appeals.

Submitted Nov. 8, 2006.

Decided Dec. 14, 2006.

Barbara McDowell, Jennifer Mezey, and David Reiser, Washington, DC, were on the brief for petitioner.

No brief was filed on behalf of respondent.

Before KRAMER and THOMPSON, Associate Judges, and KING, Senior Judge.

THOMPSON, Associate Judge:

On April 7, 2005, the Department of Employment Services ("DOES") denied Vera Coto's claim for unemployment benefits. Coto faxed her notice of appeal to the Office of Administrative Hearings ("OAH") on April 11, 2005, well within the ten-day appeal period established by D.C.Code § 51–111(b). In a Final Order dated May 23, 2005, OAH dismissed the appeal as untimely, explaining that Coto "never filed a hard copy of the appeal document with [OAH], as required by OAH Rule 2810.2." We reverse and remand.

## I. Procedural Background

DOES found that the circumstances of Coto's discharge from her employment constituted "gross misconduct," D.C.Code § 51–110(b)(1) (2001 ed.), and on that basis denied Coto's claim for unemployment benefits. The denial notice (the "Claims Determination") contains a certification of mailing to Coto's employer, Citibank FSB—California ("Citibank"). The address for Citibank shown on the Claims Determination is a Hartford, Connecticut post office box. The Claims Determination was accompanied by a Notice of Appeal Rights, which stated that an appeal could be either mailed to OAH or filed in person.

After receiving the Claims Determination, Coto contacted DOES regarding how to appeal the determination. DOES provided her with the telephone number for OAH. Coto contacted OAH and was provided with a telephone number which she used to fax a notice of appeal to OAH.[1] When Coto later called OAH to see whether her faxed appeal document had been received, an OAH clerk informed her that the appeal notice, faxed on April 11, 2005, had in fact been received. We note that the OAH administrative record contains a copy of Coto's faxed notice of appeal bearing an OAH file stamp showing the date and time "2005 Apr 11 A 11:44."

As OAH found in its May 23, 2005 Final Order, the OAH clerk with whom Coto

---

1. The Notice of Appeal Rights that accompanied the Claims determination stated that "[e]ither the claimant or the employer may appeal this determination by filing a request for a hearing, *along with a copy of this determination*" (italics added). However, Coto's faxed notice of appeal consisted of only a one-page fax cover sheet containing the handwritten message "I am appeal [sic] my unemployment benefits. Citibank HR Eric Johnson [and a local telephone number]."

spoke "did not inform [her] of the requirement to file a hard copy of the appeal within three business days of the faxed transmission of the appeal." What OAH referred to as the "requirement to file a hard copy of the appeal within three business days of the faxed transmission" was found in the former OAH rule then codified at 1 DCMR § 2810.2 (2005), which provided:

> Unless otherwise provided by statute or these Rules, documents may be faxed to [OAH] in a manner prescribed by the Clerk, and any such document shall be considered filed as of the date the fax is received, provided that a hard copy is filed with the Clerk within three (3) business days of the transmission.[2]

On April 25, 2005, OAH issued an order acknowledging receipt of Coto's faxed April 11, 2005 appeal notice, but informing Coto that she must submit a copy of the Claims Determination to avoid dismissal of her appeal. The certificate of service that accompanied the April 25, 2005 OAH order shows that no copy was sent to Citibank because there was "no information provided by claimant" in her faxed appeal notice.

On May 4, 2005, OAH issued a scheduling order, setting a hearing on Coto's appeal for May 20, 2005. The scheduling order, which was sent both to Coto and to Citbank at the Hartford, Connecticut post office box address, stated that the issues to be considered at the hearing were "Jurisdiction, including Timeliness, and Miscon-

duct." Neither OAH's April 25 order nor its May 4 scheduling order made any mention of a requirement that Coto file a hard copy of her appeal notice.

No representative of Citibank attended the May 20 hearing. The questions and testimony were limited to the issues of the timeliness and jurisdiction. Coto provided no testimony about the grounds for her discharge.

In its Final Order issued after the hearing, OAH noted that the ten-day period within which Coto could file a timely appeal ended on April 18, 2005.[3] OAH found that

> Appellant filed her appeal by facsimile transmission on April 11, 2005 but never filed a hard copy of the appeal document with [OAH], as required by OAH Rule 2810.2. Since this administrative court did not receive a hard copy of Appellant's appeal, it must treat this appeal as untimely.... Based on the record presented, Appellant's request for hearing was not timely filed with this administrative court within ten days of service of the determination of the Claims Examiner.... The ten-day period provided for agency appeals under the Act is jurisdictional, and failure to file within the period prescribed divests the Office of Administrative Hearings of jurisdiction to hear the appeal.

Thus, OAH treated Coto's failure to submit a hard copy of her notice of appeal as a

---

**2.** The rule was amended effective June 16, 2005. *See* 52 D.C. Reg. 5951 (June 24, 2005). It now provides:

> Unless otherwise provided by statute or these Rules, documents may be faxed to this administrative court in a manner prescribed by the Clerk, and any such document shall be considered filed as of the date the fax is received by the Clerk. Any incomplete or illegible fax will not be considered unless a hard copy of the fax is filed,

or a complete and legible fax is received, with three (3) business days of the first transmission. Upon motion, the presiding Administrative Law Judge may extend this time.

**3.** The Claims Determination was dated and mailed on April 7, 2005. Coto had until April 18, 2005 to file her notice of appeal because April 17, 2005, was a Sunday. *See* 1 DCMR § 2811.3 (2005).

jurisdictional defect that deprived OAH of jurisdiction to hear the merits of her appeal.

On June 24, 2005, OAH issued an Order Denying [Coto's] Motion for Relief and Motion for Reconsideration. *Inter alia,* OAH declined Coto's request to apply retroactively the language of amended OAH Rule 2810.2 (which dispensed with the requirement to file a hard copy of any faxed document that is legible), reasoning that Coto's case "was no longer pending" when the amended rule went into effect on June 16, 2005. OAH also observed that "to date [Coto] has not provided a hard copy of the appeal." Similarly, in a subsequent "Order Denying Motion For Relief From Final Order" dated August 15, 2005, OAH observed that it was "unfortunate that neither [Coto] nor her counsel offered the hard copy of the faxed request for hearing at the time of the hearing or before the appeal was dismissed."

Coto's petition for review by this court followed.

## II. Analysis

In its May 23, 2005 Final Order, OAH ruled that Coto's failure to submit a hard copy of her appeal notice within the three-day period specified in OAH Rule 2810.2 deprived OAH of jurisdiction to hear her appeal on the merits. In light of our recent decision in *Calhoun v. Wackenhut Servs.,* 904 A.2d 343 (D.C.2006), OAH's ruling cannot stand. We explained in *Calhoun* that an appellant's failure to comply with the requirements of former OAH Rule 2810.2 in noticing an unemployment benefits appeal did not deprive OAH of jurisdiction so long as the jurisdictional prerequisites of the statute—D.C.Code § 51–110(b)(1)—were met. *Id.* at 347. We held that, "when the rules do permit [filing a notice of appeal by fax] and when, as here, it is acknowledged that the notice

was received within the time limits provided by law, the jurisdictional requirements of the statute have been satisfied." *Id.* at 348. The holding in *Calhoun* applies equally here.

Moreover, our decisions in a number of unemployment benefits cases establish that a prerequisite to invoking untimeliness as a jurisdictional bar is an unambiguous notice to the claimant about the right to administrative appeal. *See, e.g., McDowell v. Southwest Distribution,* 899 A.2d 767, 768 (D.C.2006) (collecting cases). Applying that principle in *Calhoun,* we found that where DOES sent a claimant a form that indicated that an appeal by fax was permissible, and where the claimant was never told either orally or in writing that he was required also to file a hard copy of his appeal, the combination of oral and written advice was "ambiguous and inadequate as a matter of law to raise the jurisdictional bar." *Calhoun,* 904 A.2d at 347. We reach the same conclusion in this case. The Notice of Appeal Rights gave Coto only the options of mailing or walking-in her appeal, but OAH orally informed her of the permissibility of faxing in an appeal, without telling her that she was also required to file a hard copy. Further, when Coto telephoned OAH to see whether her faxed appeal notice had been received, the OAH clerk who confirmed receipt of her fax did not tell her that anything more was required to initiate her appeal. We find that there was "ambiguity created by misleading ... oral advice about appeal rights," *id.* at 346, that precluded OAH from dismissing Coto's appeal on jurisdictional grounds.

We conclude that OAH also erred in not realizing that it could apply its revised Rule 2810.2 when ruling on Coto's motion for reconsideration of the OAH Final Order. Under revised Rule 2810.2, there is no requirement that a legible fax transmis-

sion be submitted in hard copy to preserve the fax date as the filing date. The OAH Administrative Law Judge understood that she could apply revised Rule 2810.2 to a pending case,[4] but failed to recognize that Coto's case remained pending before OAH until her motion for reconsideration was resolved. *See Breiner v. Daka, Inc.*, 806 A.2d 180, 185 (D.C.2002) (citing *Natural Motion by Sandra, Inc. v. District of Columbia. Comm'n on Human Rights*, 726 A.2d 194, 196–97 (D.C.1999)) (noting that a case remains pending before an agency until the agency has resolved any motion for reconsideration). Coto's appeal remained pending before OAH when revised Rule 2810.2 went into effect on June 16, 2005, because it was only after that date— specifically, on June 24, 2005—that OAH ruled on Coto's motion for reconsideration. Thus, revised Rule 2810.2 was applicable, permitting OAH to treat Coto's legible, faxed April 11, 2005 appeal notice as timely even without a subsequent hard-copy submission.[5]

Finally, in its rulings on Coto's Motion for Reconsideration and Motion for Relief From Final Order, OAH relied on a procedural ground other than timeliness to deny Coto relief: Coto's failure to provide a hard-copy version of her appeal notice at the time of her hearing or at any other time before her appeal was decided. We reject OAH's reasoning on this point as well. As we noted above, the OAH administrative record contains—*i.e.,* OAH had in its files at the time of Coto's hearing and

---

**4.** *See Duvall v. United States*, 676 A.2d 448, 450 (D.C.1996) (noting that the law permits the retroactive application of laws that are procedural or remedial); *see also* 52 D.C. Reg. 5951 (June 24, 2005) (describing OAH rule changes, including revised Rule 2810.2, as "procedural reforms").

OAH relied on *Landgraf v. USI Film*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), as support for its decision not to apply revised Rule 2810.2, but *Landgraf* does not require that result. In *Landgraf*, the Supreme Court emphasized the continued vitality of its decisions approving the application to pending cases of new laws that "speak to the power of the court [to hear a case] rather than to the rights or obligations of the parties." 511 U.S. at 274, 114 S.Ct. 1483, quoting *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 100, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring). The *Landgraf* court noted that it had "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed," 511 U.S. at 274, 114 S.Ct. 1483, and cited with approval its earlier holding in *Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 607–08 n. 6, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978) (because a statute that was enacted while the case was pending on appeal had eliminated the amount-in-controversy requirement for

federal question cases, the fact that the plaintiff/respondent had failed to allege $10,000 in controversy at the commencement of the suit was "of no moment"). *Landgraf*, 511 U.S. at 274, 114 S.Ct. 1483. The court also cited with approval the principle that "the government should accord grace to private parties disadvantaged by an old rule when it adopts a new and more generous one." *Id.* at 276 n. 30, 114 S.Ct. 1483.

**5.** We feel constrained to observe that if OAH had found Coto's notice of appeal to be untimely on the grounds that she did not, within the ten-day appeal period, submit a copy of the Claims Determination or provide anything else that identified more particularly the determination that was being appealed, whether to uphold the dismissal would be a closer question. *Cf. Smith v. Barry*, 502 U.S. 244, 248–49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (noting that if a document filed within the time for appeal specified in FED. R.APP. P. 4 gives the information required by FED. R.APP. P. 3, *i.e.,* an identification of the judgment or order being appealed and the names of the parties, it is effective as a notice of appeal). However, while OAH issued an order instructing Coto to submit a copy of the Claims Determination to avoid dismissal of her appeal, it never suggested that Coto's failure to submit that document or the information it contained by April 18, 2005 deprived OAH of jurisdiction to hear her appeal.

when OAH rendered its decision—a paper print-out of Coto's faxed notice of appeal bearing an OAH date stamp of April 11, 2005 (a date stamp that is identical, except with respect to the date and time shown, to the OAH date stamp that is on other pleadings and documents contained in the administrative record certified and transmitted to this court by the OAH docket clerk).

We can agree that a facsimile transmission that was received, and perhaps read or stored in purely electronic form, without a paper version ever having been created at OAH's offices, would not be acceptable as a "hard copy."[6] But we think that, in insisting that Coto's file had to contain a hard copy of her appeal notice for her to avoid (or to obtain relief from) dismissal of her appeal, OAH could not reasonably disregard the paper copy of her appeal notice that was generated via the print function on an OAH fax machine (or perhaps printed from an OAH computer screen), date-stamped, and placed in the administrative record.[7]

As the May 23, 2005 Final Order observed, OAH's purpose in adopting a special rule for fax filings was "to avoid the situation where a party claims to have transmitted a fax but none was received." Since there was no question that OAH both received and date-stamped a copy of Coto's faxed appeal notice, and since neither the OAH rules nor DOES rules governing appeals required a notice of appeal bearing an original signature, we think OAH unreasonably exalted form over substance in invoking "failure to provide OAH a hard copy" as a basis for refusing to consider Coto's appeal on its merits.

For the foregoing reasons, we reverse OAH's decision and remand the case to OAH with instructions that it treat Coto's administrative appeal as timely and consider the merits of her claim for unemployment benefits. We decline Coto's request that we remand solely for a calculation of benefits, effectively granting Coto a default judgment on the merits of her appeal. Coto relies on 7 DCMR § 312.8 (2005) ("In an appeal hearing, no misconduct shall be presumed. The absence of facts which affirmatively establish misconduct shall relieve a claimant from offering evidence on the issue of misconduct"), and reasons that the "employer forfeited its opportunity to challenge Ms. Coto's claim for unemployment compensation on the merits" when it did not appear at the OAH hearing.[8]

---

6. *But see Amendments to the Rules of Judicial Administration—Rule 2.090—Electronic Transmission and Filing of Documents*, 681 So.2d 698, 702 (Fla.1996) (containing an observation by the Supreme Court of Florida that "[w]hen a document is transmitted by facsimile, a hard copy document is being submitted to the court").

7. Mindful that we owe deference to an agency's interpretation of its own regulation, *see Zhang v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 834 A.2d 97, 101 (D.C.2003), we think it important to point out that we do not regard our criticism of this aspect of OAH's rulings as a rejection of OAH's interpretation of the term "hard copy" as used in its former Rule 2810.2. Rather, it appears to us that in its rulings on Coto's

motions for reconsideration, OAH was not relying on former 2810.2 (which, as already discussed, required a hard copy of an appeal to be filed within three days after the fax transmission, and thus by its terms would not have been satisfied by submission of a hard copy on the date of the hearing or thereafter). We also "should not be understood as holding that a court or agency *must* allow notices of appeal to be filed by facsimile transmission," *Calhoun*, 904 A.2d at 348, and we do not suggest that an agency must accept a document, faxed or otherwise, that is illegible.

8. Coto also cites 7 DCMR § 312.9 (2005) ("In an appeal hearing, the persons ... alleging misconduct shall be present and available for questioning by the adverse party."); and 7 DCMR § 312.10 (2005) ("In an appeal hear-

However, on this record—OAH's inability to send Citibank one of its orders for lack of an address; its subsequent use of a Connecticut post office address for Citibank contrasted with the local (area code 202) telephone number for a Citibank Human Resources person shown on Coto's notice of appeal; and an OAH scheduling order that identified timeliness and jurisdiction as issues, which conceivably could have "lulled [Citibank] into inactivity" [9] if it received the notice—we have no basis for determining in the first instance that a default judgment on the merits would be appropriate.

*So ordered.*

ing, prior statements or written documents, in the absence of other reliable corroborating evidence, shall not constitute evidence sufficient to support a finding of misconduct. . . .").

**9.** *See Nelson v. District of Columbia Dep't. of Employment Servs.,* 530 A.2d 1193, 1195 (D.C.1987).