**In re ESTATE of Ronnie YATES;**

**Christina C. Forbes, Appellant.**

No. 08–PR–896.

District of Columbia Court of Appeals.

Submitted Nov. 23, 2009.
Decided Jan. 28, 2010.

Christina C. Forbes, Washington, pro se.

Peter J. Nickles, Attorney General for the District of Columbia, and Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Holly M. Johnson, Assistant Attorney General, were on the brief, for the District of Columbia.

Before RUIZ, Associate Judge, and NEBEKER and SCHWELB, Senior Judges.

RUIZ, Associate Judge:

Appellant, Christina C. Forbes, appeals an order of the Superior Court of the District of Columbia, Probate Division, that denied her motion for leave to late file a petition for compensation for work done in her capacity as a court-appointed guardian. For the reasons discussed below, we reverse and remand for further proceedings.

## I. Facts

Appellant was appointed as guardian for Ronnie Yates, an incapacitated individual without significant assets, on March 15, 2005. Mr. Yates died on May 30, 2006.

Appellant filed her final guardianship report with the Superior Court's Probate Division on August 2, 2006, and the intervention proceeding for Mr. Yates closed that same day.

On May 15, 2008, appellant filed a motion for leave to late file her final petition for compensation, pursuant to Superior Court Civil Rule 6(b), Superior Court Probate Rule 308, and D.C.Code § 21–2060 (2001). In her motion, appellant stated that she had "fail[ed] . . . to file her Petition for Compensation within the time period prescribed" in Superior Court Probate Rule 308(c)(1). She asserted, however, that her "failure to file in a timely manner [was] excusable" because "[t]he press of business . . . has distracted [her] from finalizing this matter." Appellant averred that "[t]he only party who suffered prejudice from the delay in filing of the petition is the undersigned, whose failure to file simply means that [she] still has not received payment for her work" and that no party would be prejudiced as a result of the grant of her motion.[1]

Appellant's motion for leave to late file was accompanied by her petition for compensation, in which appellant requested payment for work done after December 2005, when she had received her last court-ordered payment. The compensation petition includes a detailed list of the services provided to the ward and the time spent on each entry, which included various efforts to alleviate conditions during the last few months of life for a indigent mentally ill man dying of chronic pulmonary obstructive disease.[2] As required by Superi-

1. Appellant stated that as her compensation would be provided from the District of Columbia Guardianship Fund, there would be no prejudice to the ward's estate due to an unanticipated expenditure.

2. Appellant's billing logs, which were attached to her petition, show that she visited

Mr. Yates numerous times at the Southern Maryland Hospital Center and Clinton Nursing and Rehabilitation Center, helped Mr. Yates obtain Supplemental Security Income benefits and arranged for his medical care, handled communications with Mr. Yates's sib-

or Court Administrative Order 04–06, appellant attached a list of her other, active cases to her petition for compensation.

Appellant's motion was denied in an order that states in full: "The only reason being stated for the failure to timely file the Petition for Compensation being 'distraction' by the Petitioner, the Court finds this to be inexcusable and unreasonable, so that the Motion to Late File is DENIED." Appellant filed a timely appeal.[3]

## II. Analysis

█ Rule 6 (b) of the Superior Court Civil Rules states, in relevant part, that a "Court for cause shown may at any time in its discretion" enlarge a deadline "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect ..." Super. Ct. Civ. R. 6(b)(2).[4] The Supreme Court has held that the phrase "excusable neglect" permits a court, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (interpreting "excusable neglect" as used in similar federal bankruptcy rule). Determining whether a party's neglect is excusable "is at bottom an equitable one, taking [into] account ... all relevant circumstances sur-

rounding the party's omission." *Id.* at 395, 113 S.Ct. 1489. The factors a court considers include "the danger of prejudice [to other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

█ We review the Superior Court's denial of a motion to enlarge time for abuse of discretion. *See* Super. Ct. Civ. R. 6(b) (stating that a court may enlarge a deadline "in its discretion"); *Nguyen v. Liberty Mut. Ins. Co.,* 611 A.2d 541, 543 n. 3 (D.C.1992); *Smith v. District of Columbia,* 368 U.S.App. D.C. 361, 367, 430 F.3d 450, 456 (2005).[5] In doing so, we must examine whether the trial judge made "[a]n informed choice" in denying appellant's motion, and whether the judge's "determination [was] based upon and drawn from a firm factual foundation." *Johnson v. United States,* 398 A.2d 354, 364 (D.C. 1979). "Just as a trial court's action is an abuse of discretion if no valid reason is given or can be discerned for it, so also it is an abuse if the stated reasons do not rest upon a specific factual predicate." *Id.* (citation omitted).

Here, we are not able to discern the reasoning or factual justification for the trial court's denial of appellant's motion for late filing. Although appellant's stated explanation for late filing is, in appellant's

---

lings, organized Mr. Yates's finances, and coordinated Mr. Yates's funeral.

**3.** By order of this court, the District of Columbia was invited to file a response to appellant's appeal. The District filed a brief opposing the appeal.

**4.** The Superior Court Rules of Civil Procedure are applicable to proceedings in the Probate Division except where they are inconsistent with the Probate Division Rules. Super. Ct. Prob. R. 1(f).

**5.** *Smith* examined Federal Rule of Civil Procedure 6(b). However, "cases interpreting the Federal Rules are persuasive authority and may be construed *in pari materia* in defining excusable neglect under our local rules where the language of the local rule at issue and the language of the corresponding federal rule are essentially the same." *In re Ak. V.,* 747 A.2d 570, 574 n. 10 (D.C.2000).

own words, "skeletal at best," the motion specifically mentioned the "press of business" and attached a list of twenty-six pending cases to the petition for compensation. Appellant also included a list of sixteen additional cases that were inactive "but for filing petitions for compensation." The Superior Court's order, however, makes no mention of the "press of business" referred to in appellant's motion or the caseload represented by the lists of pending matters. Rather, it focuses solely on appellant's use of the word "distracted" and concludes, without taking its context into account or considering the obvious prejudice to appellant if she were not to be compensated, that appellant's request for additional time was "inexcusable and unreasonable."

Given that the Superior Court was presented with evidence of what appears to be a busy probate practice, which provided a factual basis supporting appellant's motion, it was incumbent upon the court to review and consider that information before ruling on appellant's motion. By focusing on a single word, "distracted," the order does not denote that it was an "informed choice" based on the complete record presented.

The Superior Court order also does not explain how the length of appellant's delay in filing her petition for compensation was determined. We focus on this because the applicable procedural rule was amended shortly before appellant filed her motion to late file, and it appears that there was some confusion as to whether the old or new rule applied to her petition.

■ Section 21–2060 of the District of Columbia Code provides that, "[a]s approved by order of the court, any . . .

guardian is entitled to compensation for services rendered . . . in connection with a guardianship or protective arrangement." D.C.Code § 21–2060(a) (2001). The procedures for requesting and obtaining compensation are governed by the Superior Court Probate Rules, which reiterate that, "by order of the Court," a guardian in an intervention proceeding is "entitled to reasonable compensation." Super. Ct. Prob. R. 308(a). Prior to April 18, 2008, Superior Court Probate Rule 308(c) specified that "Petitions for Compensation shall be filed either with the annual accounting or at any time prior to approval of the annual accounting." Super. Ct. Prob. R. 308(c) (2006) (amended 2008). The new version of Rule 308, effective on April 18, 2008, requires that "a guardian's final petition for compensation shall be filed no later than 60 days after termination of the guardianship." Super. Ct. Prob. R. 308(c)(1).[6]

Appellant asserts that she was only twenty-eight days late in filing her petition for compensation, calculated from the effective date of the new version of Rule 308, and cited that rule in her motion. This calculation is erroneous because, as amended, Rule 308(c) requires filing within 60 days of termination of the guardianship, not the effective date of the amended rule. In this case, that would have been in late July 2006. However, as a matter of law, the new version of Rule 308 did not apply. The Superior Court Rule Promulgation Order that amended Rule 308 had an effective date of April 18, 2008 and stated that it only applied to "pending" proceedings "as is just and practicable." District of Columbia Superior Court Rule Promulgation Order 08–03, 136 DAILY WASH. L. RPTR. 642 (Mar. 26, 2008). As our prior

---

6. As explained in the statute, the guardianship terminates upon the death of the ward. D.C.Code § 21–2048 (2001).

cases involving rule amendments containing identical language show, appellant's petition for compensation did not relate to a "pending" case because Mr. Yates's intervention proceeding had been closed as of August 2, 2006, the date of appellant's final report. *See Breiner v. Daka, Inc.,* 806 A.2d 180, 184 (D.C.2002) (holding that a request for attorney's fees did not relate to a "pending" case when "all proceedings involving the merits of the case had concluded in the trial court by that time"); *see also Dean v. United States,* 938 A.2d 751, 769 (D.C.2007) (noting that "where the change to the rule immediately precluded the petitioner from filing a timely motion . . . it would be neither just nor practicable to apply the new time frame"), *cert. denied,* —— U.S. ——, 129 S.Ct. 2862, 174 L.Ed.2d 581 (2009). Therefore, appellant's motion should have been evaluated under the former version of Rule 308. *See Breiner,* 806 A.2d at 184.

The Superior Court's order does not make reference to either version of Rule 308, however, and accordingly we are not able to conclude whether in considering appellant's motion the court applied the former version of the rule. This problem is compounded by the fact that the former version of Rule 308, which states simply that petitions for compensation shall be filed "either with the annual accounting or at any time prior to approval of the annual accounting," did not by its terms apply to a guardian in an intervention proceeding where, as here, no annual accounting was filed because no conservator was appointed. Therefore, as the District of Columbia acknowledges, there was "ambiguity" in the Probate Rules regarding appellant's deadline to file her compensation petition.

Although it was within the Superior Court's discretion to impose a reasonable deadline so that a guardian would not have unlimited time to a file petition for compensation, *see* D.C.Code § 21–2060(a) (2001) (stating that a guardian's compensation shall be awarded "[a]s approved by order of the court"); Super. Ct. Prob. R. 308(a) (2006) (stating that a guardian is entitled to compensation "by order of the Court"), and appellant's filing almost two years after the end of the guardianship appears to be at odds with the tenor of the rule requiring that petitions be filed on an annual basis, we cannot endorse a deadline that was neither stated nor explained. And, as we have discussed, even a clear deadline may be enlarged for excusable neglect.

In sum, when we review the Superior Court's terse order alongside the factors that are relevant to determining whether appellant's "neglect" was "excusable," *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489 we conclude that the court's failure to examine the length of appellant's delay and her good-faith explanation for such delay was an abuse of discretion. We, therefore, reverse and remand for further proceedings. As we explained in *Johnson,* "the failure to inquire for the record deeply enough into the immediate problem suggests that the trial court did not exercise its judgment properly." *Johnson,* 398 A.2d at 367. It is especially significant here that appellant's request would have resulted in no apparent prejudice to other parties,[7] and that there is evidence of record (not yet examined by the court) that appellant earned fees to which she is "entitled" under the statute. D.C.Code § 21–2060(a); *see In re*

---

7. In its brief, the District of Columbia mentions that there might be some administrative costs to the Guardianship Fund associated with delayed requests for payment of guardianship fees. If on remand the trial court decides to permit the late-filed request for compensation, the court is free to consider any such documented expense occasioned by appellant's delay in determining appellant's compensation.

*Orshansky,* 952 A.2d 199, 210–11 (D.C. 2008). On this record, we must remand for further consideration of appellant's motion for enlargement of time in light of the factors we have outlined, in particular, the reason for delay and the prejudice (or absence thereof) to the parties.

The judgment of the Superior Court of the District of Columbia is hereby

*Reversed and remanded.*