**In re Taha AL–BASEER;**

**Saadia Ibrahim, Appellant.**

**No. 10–PR–225.**

District of Columbia Court of Appeals.

Submitted Feb. 17, 2011.
Decided May 12, 2011.

---

Christina C. Forbes, Washington, DC, submitted a brief, for appellant, Saadia Ibrahim.

Before BLACKBURNE–RIGSBY and OBERLY, Associate Judges, and FERREN, Senior Judge.

OBERLY, Associate Judge:

Appellant, Saadia Ibrahim, contends that she is entitled to reasonable compen-

sation for services rendered as guardian of her husband, Taha Al–Baseer, and that the trial court erred by denying her petition for compensation without addressing the facts in the petition or explaining the decision to deny it. *See* D.C.Code § 21–2060(a) (2009 Supp.); Super. Ct. Prob. R. 308. We hold that the trial court applied an incorrect legal standard in rejecting appellant's petition for compensation and we therefore reverse and remand the case with instructions to the trial court to reconsider appellant's petition under the proper legal test. *See* pages 5–6, *infra.* Because this case has been "around the block" more than once, acquiring a number of confused and confusing filings and rulings along the way, we also take this opportunity to outline the issues the trial court should address on remand.

## I. Factual and Procedural History

After an automobile accident in Saudi Arabia, Al–Baseer was sent to the National Rehabilitation Hospital, and his wife and children came with him. The hospital petitioned for appointment of a guardian for Al–Baseer, and the Superior Court appointed an attorney as guardian. Following the attorney's resignation as guardian, the trial court appointed appellant as successor guardian of her incapacitated husband, effective June 14, 2005. Appellant did not file a petition for compensation, pursuant to D.C.Code § 21–2060 and Superior Court Probate Rule 308, until December 23, 2008, asking for compensation for her daily services taking care of the ward for the period "June 14, 2005 up to date: 30 months." [1] In her *pro se* filing, appellant requested compensation at the minimum wage rate of $5.00 per hour, for ten hours of service per day over thirty months, for a total of $45,000.

An auditor in the Office of the Register of Wills evaluating the petition reported that it "lack[ed] detail as to service dates, number of hours and description of services." The auditor also noted that under Superior Court Probate Rule 308(c), a motion for enlargement of time to file the petition was required for services rendered from June 14, 2007, through June 14, 2008, and the request for compensation for services rendered from June 15, 2008,[2] to December 23, 2008, was premature. The auditor also flagged that the guardian was the spouse of the ward and that they permanently resided in, and received Supplemental Security Income benefits from, the Commonwealth of Virginia. The auditor queried "whether the Court will hold a hearing on the issue concerning the possible termination of the proceeding in" the District of Columbia "since the ward resides now in the state of Virginia, and is reportedly receiving public funds from that jurisdiction." Without addressing the auditor's concerns, the trial court denied appellant's petition "for failure to comply with the Rules of this Court," on January 16, 2009. No appeal was taken.

In January 2010, with the assistance of counsel, appellant again filed a petition for compensation for the caretaking she has provided to Al–Baseer. Appellant requested compensation of $5.00 per hour for 14,600 hours of services from June 15, 2005, to June 15, 2009, for a total of $73,000. Her petition addressed the deficiencies noted in the auditor's report and

---

1. The exact time period for which appellant sought compensation in her 2008 petition is unclear. *See* page 6, *infra.*

2. Although the auditor wrote that compensation for services rendered "from June 14,

2008" was premature, we assume the auditor meant June 15, 2008, because he earlier included June 14, 2008, as the last date of service for the previous year.

included a more detailed description of the care the ward required and the services appellant provided. Along with her petition for compensation, appellant filed a motion for enlargement of time to file the petition, pursuant to Superior Court Civil Rule 6(b)(2), which allows the trial court to enlarge a deadline after the expiration of the specified period "where the failure to act was the result of excusable neglect." The motion listed multiple reasons that appellant had not timely filed her petition, including her limited English language skills, limited understanding of her rights and duties as court-appointed guardian, the time required for her counsel to gather information to respond to the auditor's concerns, and appellant's need to spend "virtually all of her days caring for her ward," who has severe cognitive and physical disabilities. The trial court never ruled on the motion for enlargement of time, but on January 21, 2010, it denied appellant's 2010 petition, writing by hand and without elaboration that the petition "for compensation to a wife for taking care of her husband for the period from June 15, 2005 through June 15, 2009 ... is: Denied." Appellant filed a timely motion for reconsideration of her petition, pursuant to Superior Court Probate Rule 308(h). The trial court denied the motion for reconsideration "for reasons previously stated." A timely notice of appeal followed.

## II. Entitlement to Compensation

■ The trial court did not explicitly state why it denied appellant's 2010 petition, but on the basis of its hand-written order the only explanation for the denial we can discern is a legal conclusion that spouses are ineligible for the compensation to which guardians are entitled under D.C.Code § 21–2060. We review *de novo* the trial court's interpretation of the statute, *see In re Orshansky*, 952 A.2d 199, 209 (D.C.2008), and conclude that its inter-

pretation does not square with the statutory language. The statute declares that "*any* ... guardian is entitled to compensation for services rendered ... in connection with a guardianship." D.C.Code § 21–2060(a) (emphasis added). "The court's task in interpreting a statute begins with its language, and, where it is clear, and its import not patently wrong or absurd, our task comes to an end." *Orshansky*, 952 A.2d at 210 (citing *District of Columbia v. Place*, 892 A.2d 1108, 1111 (D.C.2006)). The language of § 21–2060 is clear, and it would not be patently wrong or absurd to allow compensation for all guardians who provide services pursuant to court appointments, especially where the legislature has not shown any intent to restrict compensation only to certain guardians or to exclude spouses. We hold, therefore, that a guardian-spouse is not ineligible for compensation under D.C.Code § 21–2060 simply because of the spousal relationship between the guardian and the ward. Because the trial court's ruling was based on an erroneous legal conclusion, we reverse the order denying appellant's petition for compensation and remand the case for further proceedings.

## III. Considerations on Remand

■ Mindful that appellant has received multiple terse, dismissive rulings on her petitions for compensation, we see fit to note various issues that the trial court should address on remand. First, as a legal matter, we observe that appellant did not appeal the denial of her 2008 petition; accordingly, under the doctrine of *res judicata*, she had no right to re-seek, in her 2010 petition, even with a motion for enlargement of time, the compensation sought in her 2008 petition. *See* D.C.App. R. 4(a)(1), (5) (notice of appeal must be filed within thirty days after entry of order, and the Superior Court may extend

this time only if a notice of appeal is filed no later than thirty days after expiration of this time and the "party shows excusable neglect or good cause"); *Williams v. Gerstenfeld,* 514 A.2d 1172, 1179 (D.C. 1986) ("The doctrine of *res judicata* operates as a complete bar to the relitigation of claims between the same parties or those in privity with them after the rendering of a valid, final judgment on the merits in a prior suit."). It is unclear to this court the dates for which compensation was requested in the 2008 petition. Appellant stated that she was petitioning for compensation for "June 14, 2005 up to date: 30 months," but the petition has a date of November 2, 2008, and was filed on December 23, 2008, approximately forty-one and forty-two months, respectively, after June 14, 2005. One of the trial court's tasks on remand, therefore, is to determine the time period for which appellant sought compensation in her 2008 petition, because compensation for that time period is now a dead issue. Compensation for the remaining time period in appellant's 2010 motion is alive and before the trial court on remand.

 Before determining appropriate compensation for the live time period in appellant's petition, however, the trial court must rule on appellant's motion for enlargement of time. The decision to grant the motion, upon a showing of excusable neglect, is directed to the discretion of the trial court. *See In re Estate of Yates,* 988 A.2d 466, 468 (D.C.2010) (citing Super. Ct. Civ. R. 6(b) (a deadline may be enlarged "in [the trial court's] discretion")). In deciding whether appellant's neglect is excusable, the trial court should consider " 'the danger of prejudice [to other parties], the length of the delay and its poten-tial impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " *Yates,* 988 A.2d at 468 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (alteration in original)). In this regard, we note that appellant has faced multiple obstacles in filing her petitions for compensation, including her limited English language skills, her limited understanding of her rights and duties as guardian, her difficulty in locating an attorney to assist her with filing her petitions and the time the attorney required to work on the 2010 petition, and the necessity of spending all of her time caring for the ward who is unable to care for himself and needs assistance with virtually all life functions.

 If the trial court finds excusable neglect and grants the motion for enlargement of time, it must consider the merits of appellant's 2010 petition for compensation. A guardian is entitled to compensation for reasonable services "rendered in conformance with the court's appointments." *Orshansky,* 952 A.2d at 211. Accordingly, the trial court, after reviewing the details in appellant's petition, must determine and explain what services appellant appropriately rendered as guardian, the hours of service she provided, and the factors it relies upon in setting rates of reasonable compensation for those services.[3]

 Finally, we raise again the question the auditor posed when reviewing appellant's 2008 petition. Is continuing guardianship in the District of Columbia appropriate when both the guardian and

---

3. We decline appellant's request that this court fix her fees because permissible services and reasonable compensation for those services are factual issues best addressed first by the trial court. *See Orshansky,* 952 A.2d at 211 (quoting *District of Columbia Metro. Police Dep't v. Stanley,* 951 A.2d 65, 67 (D.C. 2008)).

the ward reside in Virginia, and have since 2005? We note that the ward currently does not meet any of the conditions of the "territorial application" statute governing intervention proceedings in the District. *See* D.C.Code § 21–2021 (2001) (guardianship chapter applies to individuals domiciled in the District; non-domiciliaries with property in the District; property coming into the control of a guardian or conservator who is subject to the laws of the District; and incapacitated individuals in the District). Any future termination of guardianship in the District, however, would have no effect on the award of compensation to appellant for services already rendered and not barred by *res judicata:* "Service in good faith pursuant to court order is compensable, regardless of whether the probate court erred in making the appointment." *Orshansky,* 952 A.2d at 210.[4]

*Reversed and remanded.*

4. Because the estate of the ward in this case is "depleted," any compensation that might be paid to the guardian must come from the "Guardianship Fund" established by the District of Columbia pursuant to D.C.Code § 21–2060(a), (a–1) and (b). Accordingly, the trial court may wish to consider inviting the District to participate in the proceedings on remand.