*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

Nos. 24-CV-0460, 24-CV-0404 & 24-CV-0462

MAYA GILLIAM, *et al.*, APPELLANTS,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF FORENSIC SCIENCES, *et al.*, APPELLEES.

Appeals from the Superior Court
of the District of Columbia
(2024-CAB-000339, 2024-CAB-000346 & 2024-CAB-000345)

(Hon. Carl E. Ross, Alfred S. Irving, Jr., & Danya A. Dayson, Trial Judges)

(Argued June 4, 2025                    Decided September 25, 2025)

*Ryan E. Griffin*, with whom *Emily R. Postman* was on the briefs, for appellants.

*Holly M. Johnson*, Senior Assistant Attorney General, with whom *Brian L. Schwalb*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Carl J. Schifferle*, Deputy Solicitor General, were on the briefs, for appellee.

Before EASTERLY and MCLEESE, *Associate Judges*, and THOMPSON, *Senior Judge*.

MCLEESE, *Associate Judge*: Appellants Maya Gilliam, Julia Washington, and Jakeline Ruiz-Reyes filed separate petitions in the Superior Court seeking judicial review of orders of the Office of Employee Appeals (OEA) upholding the

termination of their employment by the District of Columbia Department of Forensic Sciences (DFS). Those petitions were all filed after the applicable thirty-day deadline for seeking judicial review had passed, *see* Super. Ct. Agency Rev. R. 1(b), but appellants argued that the untimeliness was the result of excusable neglect and therefore the petitions should be decided on the merits. In separate orders, the Superior Court dismissed the petitions as untimely. We hold that Agency Rev. R. 1(b)'s thirty-day deadline can be extended upon a showing of excusable neglect. We affirm the judgment of the Superior Court dismissing Ms. Ruiz-Reyes's petition for failure to show excusable neglect. We vacate the judgment of the Superior Court dismissing the petitions of Ms. Gilliam and Ms. Washington and remand the latter two cases for further proceedings.

## I. Factual and Procedural Background

Except as noted, the following appears to be undisputed. Appellants were terminated from their positions at DFS pursuant to a reduction in force. Appellants appealed to OEA, which upheld the terminations in separate orders issued by OEA hearing examiners in August 2023.

Decisions by OEA hearing examiners become final thirty-five days after the date of issuance, unless further review is sought within OEA. D.C. Code § 1-606.03(c). Once final, such decisions may be reviewed by the Superior Court.

*Id.* § 1-606.03(d). Requests for Superior Court review of an agency decision must be filed within thirty days after notice of the decision is given, "[u]nless an applicable statute provides a different time frame." Super. Ct. Agency Rev. R. 1(b)(2). No applicable statute provides a different time frame for seeking review of OEA decisions.

OEA gave notice of the decisions on the day the decisions were issued. OEA's decisions thus became final in October 2023, and appellants were required to file their petitions in November 2023.

Over two months after the filing deadline, appellants sought Superior Court review of OEA's decisions. Each appellant also sought an extension of time, citing Super. Ct. Civ. R. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."), and Super. Ct. Agency Rev. R. 1(*i*) (incorporating Super. Ct. Civ. R. 6, "[e]xcept where inconsistent with a statute or with this rule").

In support of their motions for extension of time, which are substantively identical, appellants submitted a declaration from the general counsel of the National Association of Government Employees (NAGE), Sarah Suszczyk. The declaration states the following. Appellants and seven other terminated DFS employees were

members of NAGE. NAGE assigned an attorney to represent that group before OEA. After OEA upheld the terminations, Ms. Suszczyk authorized that attorney to seek review in Superior Court. In January 2024, that attorney informed Ms. Suszczyk that the attorney had not filed such petitions and that the deadline for doing so had passed. Ms. Suszczyk retained new outside counsel to represent the group and notified the group to "connect them" to new counsel so that new counsel could file requests for review and motions for extension of time.

DFS opposed all three motions for extension of time and moved to dismiss appellants' cases. DFS argued that no extension of time could be granted because the thirty-day deadline in Agency Rev. R. 1(b)(2) is mandatory. DFS also argued that in any event appellants had not made sufficient showings of excusable neglect.

In all three cases, the trial court granted DFS's motions to dismiss. In Ms. Gilliam's case, the trial court ruled that the thirty-day deadline was mandatory and no extension could be granted even for excusable neglect. In Ms. Washington's case, the trial court agreed that the thirty-day deadline was mandatory but also ruled in the alternative that Ms. Washington had failed to show excusable neglect. In Ms. Ruiz-Reyes's case, the trial court did not decide whether the thirty-day deadline was mandatory, instead ruling that Ms. Ruiz-Reyes had failed to show excusable neglect.

## II. Analysis

## A. Standard of Review

The "correct interpretation and application of [court rules] is a legal question that we review de novo." *Jenkins v. United States*, 75 A.3d 174, 195 (D.C. 2013) (citation modified). We review trial-court findings as to whether there was excusable neglect for abuse of discretion. *E.g.*, *Snow v. Capitol Terrace, Inc.*, 602 A.2d 121, 124 (D.C. 1992) ("This court will not reverse a finding of excusable neglect absent a clear abuse of discretion.") (citation modified).

Appellants contend, however, that the ultimate ruling as to whether excusable neglect exists is a mixed question of law and fact that is reviewed de novo. We disagree. We have never characterized excusable neglect as a mixed question of law and fact, nor have we ever indicated that our review of such determinations is de novo. To the contrary, as one of the cases cited by appellants confirms, we have consistently reviewed excusable-neglect rulings for abuse of discretion. *See Savage-Bey v. La Petite Academy*, 50 A.3d 1055, 1061 (D.C. 2012) (reversing agency's excusable-neglect ruling because the ruling "was an abuse of discretion"). The other case upon which appellants rely, *Brewer v. D.C. Office of Employee Appeals*, 163 A.3d 799 (D.C. 2017), does not address the specific issue of excusable neglect. *See id. at* 804 n.9. Rather, *Brewer* addressed the broader doctrine of equitable tolling. *Id.* at 804. Although appellants initially appeared to be invoking

equitable tolling more generally, they later clarified that they are relying exclusively on the argument that the Superior Court rules establish an excusable-neglect exception to the filing deadline at issue.

## B. Interpretation of Court Rules

Agency Rev. R. 1(b)(2) states that Superior Court review "must" be sought within thirty days and does not itself state that the thirty-day deadline can be extended upon a showing of excusable neglect. *Id.* Agency Rev. R. 1(*i*), however, generally incorporates several listed Civil Rules, including Civ. R. 6. Agency Rev. R. 1(*i*). Civ. R. 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." At first blush, it thus would seem that there is an excusable-neglect exception to Super. Ct. Agency Rev. R. 1's thirty-day deadline.

Agency Rev. R. 1(*i*), however, contains an exception to the general incorporation of the listed Civil Rules: such rules are not incorporated to the extent that they are "inconsistent with a statute or with" Agency Rev. R. 1. *Id.* DFS argues that Agency Rev. R. 1(*i*) does not incorporate Civ. R. 6(b)(1)(B) because the latter rule is inconsistent with Agency Rev. R. 1's mandatory thirty-day deadline. DFS's argument is not unreasonable, but on balance we are not persuaded.

At bottom, the issue is whether Civ. R. 6(b)(1)(B)'s excusable-neglect provision is better understood as an exception that the Superior Court intended to incorporate or an inconsistent provision that the Superior Court did not intend to incorporate. We conclude that the former understanding is the better one.

It does not appear that explicit, specific exceptions have generally been understood to be "inconsistent" with the more general provisions they qualify. *See generally* Norman J. Singer & J.D. Shambie Singer, 1A *Statutes and Statutory Construction* § 20:22, at 151-55 (7th ed. 2009) (discussing exceptions and similar provisions without suggesting that exceptions are inconsistent with general language limited or qualified by exceptions); *Robertson v. Robertson*, 68 So. 52, 54 (Ala. 1915) ("[B]oth the general expression and the particular exception . . . were intended to operate as harmonious expressions, each with an effect not inconsistent with the other.").

Thus, we do not view Civ. R. 6(b)(1)(B)'s excusable-neglect provision as inconsistent with the many other provisions in the Civil Rules that impose otherwise mandatory deadlines. *See, e.g.*, Super. Ct. Civ. R. 12(a)(1) (time limits to file responsive pleading). It follows that Civ. R. 6(b)(1)(B)'s excusable-neglect provision should not be viewed as inconsistent with Agency Rev. R. 1's deadline but rather should be viewed as an intended exception to that deadline.

This conclusion finds further support from the fact that Super. Ct. Civ. R. 6(b) includes a specific list of provisions to which the excusable-neglect provision does not apply, such as Super. Ct. Civ. R. 60(b), but Agency Rev. R. 1(b)(2) is not included in that list. Super. Ct. Civ. R. 6(b)(2).

In support of a contrary conclusion, DFS makes two principal arguments. Although those arguments have some force, we do not view them as sufficient to outweigh the considerations pointing against DFS's view. First, DFS points out that another provision of Agency Rev. R. 1 sets a filing deadline that can be extended on a showing of good cause. Super. Ct. Agency Rev. R. 1(e)(3) (motion to intervene must be filed within thirty days after petition for review is filed unless court extends time period for good cause). It is a fair point that, if Super. Ct. Civ. R. 6(b)(1) is applicable to agency-review proceedings, it becomes unclear how that provision and Agency Rev. R. 1(e)(3) interact. In our view, however, the force of that point is substantially undermined by the fact that the same issue arises with respect to several Civil Rules as to which Civ. R. 6(b)(1) is clearly intended to apply. *See, e.g.*, Super. Ct. Civ. R. 12-I(n) (deadline for filing motions may be extended for good cause).

Second, DFS argues that we should not infer that the Superior Court intended to permit excusable-neglect extensions of the time to seek review in Superior Court of agency action, because permitting such extensions would be contrary to the

interest in finality. Other provisions, however, authorize excusable-neglect extensions in order to permit judicial review of final decisions. *See, e.g.*, D.C. App. R. 4(a)(5) (permitting thirty-day extension of time to appeal upon showing of excusable neglect).

It is true that Civ. R. 6(b)(1) has no fixed cap on the possible length of an excusable-neglect extension, whereas D.C. App. R. 4(a)(5) has a thirty-day cap. We do not view that difference as justifying a conclusion that the time to seek Superior Court review of agency action can never be extended for excusable neglect. We note that the excusable-neglect standard applied under Civ. R. 6(b)(2) takes into account finality concerns, such as the length of the delay and the prejudice caused to the opposing party by the delay. Specifically, under a test for excusable neglect taken from *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), we have held that courts should consider "the danger of prejudice to other parties, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Estate of Yates*, 988 A.2d 466, 468 (D.C. 2010) (citation modified).

In sum, we hold that the time period within which to seek Superior Court review of agency action under Agency Rev. R. 1(b)(2) can be extended upon a showing of excusable neglect.

## C. Whether Excusable Neglect Was Established

The trial court in Ms. Ruiz-Reyes's case ruled that Ms. Ruiz-Reyes had not established excusable neglect. The trial court explained that (1) the seventy-eight-day delay was significant; (2) Ms. Ruiz-Reyes did not establish good cause for the delay because she was represented at the time of the deadline and no explanation was given for the attorney's failure to file; and (3) Ms. Ruiz-Reyes was served with OEA's decision but no information was provided regarding her own efforts, if any, to ensure that her petition was timely filed. The trial court concluded that there was no indication that Ms. Ruiz-Reyes acted in bad faith. The trial court was not persuaded that DFS was prejudiced by the delay. Balancing those considerations, the trial court declined to find excusable neglect.

We see no abuse of discretion in the trial court's careful balancing of the relevant factors in Ms. Ruiz-Reyes's case. We therefore affirm the trial court's dismissal of Ms. Ruiz-Reyes's case as untimely.

In Ms. Washington's case, the trial court ruled in the alternative that Ms. Washington failed to show excusable neglect. The trial court first determined that

DFS was prejudiced by the delay in filing, stating that DFS could "reasonably rely on the final decision" and emphasizing the importance of "efficient administration [with respect to] employees of District of Columbia agencies." The trial court also found that (1) the delay was significant and "subvert[ed] the purpose of the stated deadlines"; (2) there was insufficient explanation for why Ms. Washington's prior attorney failed to comply with the deadline; (3) Ms. Washington had not alleged that she was "an unsophisticated client" or that she "was assiduous in pursuing" her claim; and (4) there was no indication that Ms. Washington acted in bad faith.

We do not agree with the trial court's conclusion that DFS was prejudiced by the delay in filing. The trial court did not identify any concrete respect in which DFS relied on the final decision to its detriment, and DFS has not identified any such prejudice. *Cf. generally, e.g.*, *Diggs v. United States*, 28 A.3d 585, 598 (D.C. 2011) (declining to give weight to claims of prejudice that "are too speculative to show actual prejudice").

Ordinarily, we remand for reconsideration of a discretionary ruling that rests in part on an erroneous factor. *See, e.g.*, *Bolton v. Bernabei & Katz, PLLC*, 954 A.2d 953, 964 n.13 (D.C. 2008) ("The parties are entitled to have the trial judge exercise [the trial judge's] discretion, unfettered by erroneous legal thinking; they need not settle for the substituted judgment of an appellate court that would sustain the ruling

on a plausible, alternative ground without benefit of all the data that inherently go into a discretionary ruling.") (citation modified). DFS argues that remand is not necessary, however, because Ms. Washington failed as a matter of law to establish excusable neglect. Ms. Washington disputes that argument. We view the parties' arguments on these points as raising some unsettled issues, and we elect not to address those issues at this time. Rather, we choose to remand the case to the trial court for a new excusable-neglect ruling that does not rest on a conclusion that DFS was prejudiced by the delay in filing.

In Ms. Gilliam's case, the trial court relied solely on the conclusion that the time period for filing could not be extended based on excusable neglect. "Mindful that we are a court of review, not of first view," *Johnson v. United States*, 302 A.3d 499, 500 (D.C. 2023) (per curiam) (citation modified), we vacate the trial court's order dismissing Ms. Gilliam's case and remand the case for further proceedings.

In sum, we affirm the judgment of the Superior Court dismissing Ms. Ruiz-Reyes's case, vacate the judgments of dismissal in Ms. Washington's case and Ms. Gilliam's case, and remand the latter two cases for further proceedings.

*So ordered.*